UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IACOBACCI PERALTA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

CASE NO. 2:26-cv-02895-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

Immigration detainee Iacobacci Peralta petitions the Court to order Respondents to immediately release him from detention. The Court **GRANTS** the petition as follows.

1. The Court may grant Petitioner's habeas petition which alleges his detention violates the Constitution or laws the United States. 28 U.S.C. § 2241(c)(3). Petitioner has the burden of showing his detention is unlawful by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 8 U.S.C. § 2241(c).

2. On January 16, 2022, Petitioner, a citizen of Venezuela, was arrested near the U.S. and Mexico border at Eagle Pass, Texas and issued a form I-862 notice to appear. Dkt. 9, Exhibit 2. The notice does state whether Petitioner is "an arriving alien," "an alien present in the United States who has not been admitted," or an alien "admitted to the United States." *Id.* at 2.

The notice is not signed by Petitioner, fails to state on what grounds Petitioner was released, and was "mailed" to Petitioner on March 7, 2022. The "continuation page" of form I-862 states:

> It is charged that you are subject to removal from the United States pursuant to the following provisions of law . . . you are an alien present in the United States without being admitted or paroled or who arrived in the United States at any time of place other than as designated by the Attorney General.

*Id.* at 5.

3. Exhibit 1, Dkt.9, states "ICE issued Iacobacci form I-862 Notice to appear, and form I-220A, Order of Release on Recognizance." After release in 2022, Petitioner was rearrested in May 2024 and released by an Immigration Judge (IJ). Respondents redetained Petitioner in June 2026 following a traffic violation. *Id.* At the time of arrest Respondents state "record checks for outstanding wants and warrants were negative. Immigration alerts were also negative." *Id.* On July 28, 2026, an IJ denied bond on the grounds solely for lack of jurisdiction, and without making findings regarding flight risk or danger to the community. *Id.* Exhibit 4.

4. The Court finds Petitioner possesses Due Process protections under the Fifth Amendment. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner's interest in freedom from detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner retained a liberty interest in his continued liberty even if he was conditionally released. *Sierra Soto v. Bondi*, No. 2:26-cv-00652-BAT, 2026 WL 972731, at *6 (W.D. Wash. Apr. 10, 2026). Petitioner's liberty interest attaches whether he was released on an Order of Recognizance (OREC) or on parole. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (holding an individual released on parole "took with him a liberty interest which is entitled to the full protections of the due process clause"); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 1189, 1202 (W.D. Wash. 2025) (weighing first *Mathews* factor in favor of petitioner

previously released on OREC, recognizing a "fundamental interest that must be accorded significant weight"); *Osuna Benitez v. Hermosillo*, 2025 WL 3763932 (W.D. Wash. Dec. 30, 2025) (collecting cases).

5. Respondents argue Petitioner is mandatorily detained under 8 U.S.C. § 1225 because he was "paroled" into the USA, and parole allows Respondents to detain Petitioner as if he was stopped at a border. But the record contains nothing showing Petitioner was "paroled" into the USA in 2023. To the contrary, Respondents' Exhibit 1 states Petitioner was released upon issuance of a "form I-220A, Order of Release on Recognizance." *See also Safi v. Noem*, No. 2:26-CV-00308-TLF, 2026 WL 445564, at *2 (W.D. Wash. Feb. 17, 2026) (finding Petitioner was released under § 1226 in the absence of evidence Petitioner was released on "parole" under 8 U.S.C. § 1182).

5. The Court finds Petitioner's June 2026 redetention is governed by 8 U.S.C. § 1226, not § 1225. First, Petitioner has lived in the USA for years and was not an arriving applicant for admission seeking admission when he was redetained in 2026 in Idaho. Second, while Petitioner was ostensibly detained under § 1225 when initially arrested in 2022, there is no evidence he continued to be subject to § 1225 upon his release at the border. Indeed, Petitioner's I-862 states he is an alien "present in the United States without being admitted or paroled." Respondents argue Petitioner was "paroled" into the USA, and parole allows the government to continue treating Petitioner as if he was stopped at a border. But as noted above, nothing supports this argument and Exhibit 1 in fact contradicts it. And third, even if Petitioner was "paroled" due process requires a valid basis to revoke his parole. Here, Respondents claim a right to revoke without providing a rationale for the revocation. By initially releasing Petitioner, Respondents made an "implicit promise" that his liberty will be revoked only if there is a valid reason for revocation. *See e.g. Esquivel Pachecho v. LaRose*, 818 F.Supp.3d 1168, 1179 (S.D.

California, Jan. 29, 2026). This promise provides Petitioner a protectable liberty interest based upon the government's assurance it will not arbitrarily redetain him. *Id*.

6. The parties argue whether Petitioner should be released under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976): (1) the private interest at stake; (2) the risk of erroneous deprivation through existing procedures and "the probable value, if any, of additional or substitute procedural safeguards"; and (3) the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

7. As to the first *Mathew*'s factor, Respondents "recognize[ ]" the weighty liberty interests of detained persons but suggests Petitioner is an alien and thus enjoys reduced liberty interests. Respondent's position is inconsistent with this Court's prior case law, and *Zadvydas* which recognized even aliens who are in the United States unlawfully have due process rights. Given the weighty liberty interest at stake, the Court finds the first *Mathews* factor favors Petitioner. Respondents contend the second factor favors them because Petitioner was detained following traffic violations. The Court finds the risk of erroneous deprivation of liberty is not "minimal" as Respondents claim. Petitioner has lived in the United States for four years, has a spouse and child, and was working at the time of his arrest. Respondents acknowledge he was released in 2024 by an IJ and at the time of his rearrest in 2026, there were no "wants or warrants." There is no allegation that Petitioner failed to make scheduled ICE check-in appointments. The Court concludes the second *Mathews* factor favors Petitioner. And third, Respondents argue they have an interest in ensuring Petitioner appears for his hearings and does not abscond. There is no evidence supporting this argument. The record shows Petitioner has not attempted to abscond in the past and there is no allegation that he failed to make scheduled

check-ins or appointments. The Court concludes the third factor favors Petitioner. As each *Mathews* factor favors Petitioner he shall be released.

8. Petitioner was detained by Respondents on June 25, 2026. He was denied bond without any finding he was a flight risk or a danger to the community and because the IJ claimed lack of jurisdiction to consider release. The Court finds further post-deprivation bond hearings would be an insufficient procedural safeguard and finds the appropriate remedy is immediate release. This is because a post-deprivation bond hearing fails to address the erroneous initial deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

**CONCLUSION**

A. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

B. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order and restore him to the same conditions as those in place prior to Petitioner's 2026 redetention, unless Respondents choose to impose less restrictive conditions; return to Petitioner any personal property upon release, including personal identification documents and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

C. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute. If payment to counsel is requested, the motion shall show Petitioner has assigned the award to counsel.

DATED this 8th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge